V. James DeSimone (SBN: 119668)
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880

Kaveh Navab (SBN: 280235)
**NAVAB LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.826.1002

Attorneys for Plaintiffs,
RICHARD PAYNE, an individual;
JANCHAI PAYNE, an individual;
K.P. a minor

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAYNE, an individual; JANCHAI PAYNE, an individual; K.P. a minor;<br><br>        Plaintiffs,<br><br>        v.<br><br>CITY OF LOS ANGELES; "DOE OFFICERS"; Police Chief CHARLIE BECK, in his individual and official capacity;<br><br>        Defendants. | Case No: 2:17-cv-09044-CAS-KS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force \| (42 U.S.C. § 1983)<br>3. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>4. False Arrest/False Imprisonment<br>5. Assault and Battery<br>6. Negligence<br>7. Violation of Bane Civil Rights Act (Civ. Code § 52.1)<br>8. Intentional Infliction of Emotional Distress<br>9. Negligent Infliction of Emotional Distress<br>**DEMAND FOR JURY TRIAL**: |

///

## COMPLAINT FOR DAMAGES

Plaintiffs RICHARD PAYNE, JANCHAI PAYNE and minor, K.P., (hereinafter collectively "PLAINTIFFS") for their complaint against Defendant Officers LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA, and TODD (hereinafter collectively "DEFENDANT OFFICERS"), CITY OF LOS ANGELES, Police Chief CHARLIE BECK, (hereinafter collectively "DEFENDANTS"), inclusive, allege as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officers' unjustified and unlawful attack, assault and use of force, handcuffing, arrest and detention of RICHARD PAYNE, JANCHAI PAYNE and minor, K.P. by DEFENDANTS LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA, and TODD of the Los Angeles Police Department.

2.      DEFENDANT LAPD POLICE CHIEF CHARLIE BECK ("CHIEF BECK") has failed to impose adequate discipline on his officers who committed different types of excessive force, creating a culture of impunity within the LAPD that encourages such violence and incidents of unreasonable force against the public.

3.      DEFENDANT CITY OF LOS ANGELES ("CITY") by summarily rejecting Plaintiff's claim for Damages, has proved unwilling to accept responsibility for the wrong committed by its officers. The City continues to violate its citizen's rights by ignoring the allegations and preventing these incidents from happening.

4.      DEFENDANTS and CITY also proximately caused Plaintiffs' injuries and are liable under state and federal law and under principles set forth in (*Monell v. Department of Social Services*, (1978) 436 U.S. 658).

5.      The policies and customs behind attacking and arresting of civilians such as Plaintiffs are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiffs herein seek by means of this civil rights action to hold accountable those responsible for the unjustified attack, assault, use of force, handcuffing and detention of Plaintiffs and to challenge the CITY's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## VENUE AND JURISDICTION

6.      Venue is proper in this District because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

7.      This Court has jurisdiction over Plaintiffs' federal claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1334. Plaintiffs further invoke pendant jurisdiction of this Court to consider the claims arising under the law.

## PARTIES

8.      Plaintiff RICHARD PAYNE (hereinafter "Richard") is, and at all relevant times mentioned herein was, an individual living in the County of Los Angeles, California.

9.      Plaintiff JANCHAI PAYNE (hereinafter "Janchai") is, and at all relevant times mentioned herein was, an individual living in the County of Los Angeles, California.

10.     Plaintiff K.P. (hereinafter "KP") is a minor, and at all relevant times mentioned herein was, an individual living in the County of Los Angeles, California.

11.     Plaintiffs are informed and believe that DEFENDANT OFFICER LOPEZ (LAPD Badge #39559) (hereinafter "LOPEZ") is an individual living in the County of Los Angeles, California. At all relevant times, LOPEZ was the employee and Agent of DEFENDANT CITY OF LOS ANGELES and was acting

under color of law within the course and scope of his respective duties as a police officer and with complete authority and ratification of his principal DEFENDANT CITY OF LOS ANGELES.

12.    Plaintiffs are informed and believe that DEFENDANT OFFICER SANACORE (LAPD Badge #42351) (hereinafter "SANACORE") is an individual living in the County of Los Angeles, California. At all relevant times, SANACORE was the employee and Agent of DEFENDANT CITY OF LOS ANGELES and was acting under color of law within the course and scope of his respective duties as a police officer and with complete authority and ratification of his principal DEFENDANT CITY OF LOS ANGELES.

13.    Plaintiffs are informed and believe that DEFENDANT OFFICER LISENBY (LAPD Badge #36946) (hereinafter "LISENBY") is an individual living in the County of Los Angeles, California. At all relevant times, LISENBY was the employee and Agent of DEFENDANT CITY OF LOS ANGELES and was acting under color of law within the course and scope of her respective duties as a police officer and with complete authority and ratification of her principal DEFENDANT CITY OF LOS ANGELES.

14.    Plaintiffs are informed and believe that DEFENDANT OFFICER ABOYTE (LAPD Badge #41906) (hereinafter "ABOYTE") is an individual living in the County of Los Angeles, California. At all relevant times, ABOYTE was the employee and Agent of DEFENDANT CITY OF LOS ANGELES and was acting under color of law within the course and scope of his respective duties as a police officer and with complete authority and ratification of his principal DEFENDANT CITY OF LOS ANGELES.

15.    Plaintiffs are informed and believe that DEFENDANT OFFICER REINHARDT (LAPD Badge #33691) (hereinafter "REINHARDT") is an individual living in the County of Los Angeles, California. At all relevant times, REINHARDT was the employee and Agent of DEFENDANT CITY OF LOS

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Payne, et al v. City of Los Angeles, et al.*                                   V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                   Kaveh Navab, Esq.

1    ANGELES and was acting under color of law within the course and scope of the

2    officer's respective duties as a police officer and with complete authority and

3    ratification of the officer's principal DEFENDANT CITY OF LOS ANGELES.

4        16.    Plaintiffs are informed and believe that DEFENDANT OFFICER

5    TORRES (LAPD Badge #42328) (hereinafter "TORRES") is an individual living

6    in the County of Los Angeles, California. At all relevant times, TORRES was the

7    employee and Agent of DEFENDANT CITY OF LOS ANGELES and was acting

8    under color of law within the course and scope of the officer's respective duties as

9    a police officer and with complete authority and ratification of the officer's

10   principal DEFENDANT CITY OF LOS ANGELES.

11       17.    Plaintiffs are informed and believe that DEFENDANT OFFICER

12   RAMIREZ (LAPD Badge #42446) (hereinafter "RAMIREZ") is an individual

13   living in the County of Los Angeles, California. At all relevant times, RAMIREZ

14   was the employee and Agent of DEFENDANT CITY OF LOS ANGELES and was

15   acting under color of law within the course and scope of the officer's respective

16   duties as a police officer and with complete authority and ratification of the officer's

17   principal DEFENDANT CITY OF LOS ANGELES.

18       18.    Plaintiffs are informed and believe that DEFENDANT OFFICER

19   CHECA (LAPD Badge #38277) (hereinafter "CHECA") is an individual living in

20   the County of Los Angeles, California. At all relevant times, CHECA was the

21   employee and Agent of DEFENDANT CITY OF LOS ANGELES and was acting

22   under color of law within the course and scope of the officer's respective duties as

23   a police officer and with complete authority and ratification of the officer's

24   principal DEFENDANT CITY OF LOS ANGELES.

25       19.    Plaintiffs are informed and believe that DEFENDANT OFFICER

26   TODD (LAPD Badge #40547) (hereinafter "TODD") is an individual living in the

27   County of Los Angeles, California. At all relevant times, TODD was the employee

28   and Agent of DEFENDANT CITY OF LOS ANGELES and was acting under color

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Payne, et al v. City of Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                                      Kaveh Navab, Esq.

of law within the course and scope of the officer's respective duties as a police officer and with complete authority and ratification of the officer's principal DEFENDANT CITY OF LOS ANGELES.

20.     Defendant CITY OF LOS ANGELES (hereinafter referred to as "CITY") is and was a duly organized public entity, form unknown, existing as such under the laws of the State of California. At all relevant times, CITY was the employer of Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA, and TODD (hereinafter "DEFENDANT OFFICERS"), who are CITY Police Officers.

21.     Defendant LAPD POLICE CHIEF BECK is an individual living in the County of Los Angeles, California. At all relevant times, DEFENDANT OFFICERS were the employees and agents of Defendant CITY OF LOS ANGELES and were acting under color of law within the course and scope of their respective duties as police officers and with complete authority and ratification of his principal Defendant CITY OF LOS ANGELES and DEFENDANT Police Chief Charlie Beck.

22.     At all relevant times, DEFENDANT OFFICERS were duly appointed officers and/or employees or agents of CITY subject to oversight and supervision by the CITY's elected and non-elected officials.

23.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

24.     All Defendants who are natural personsare sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF LOS ANGELES.

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Payne, et al v. City of Los Angeles, et al.*                                  V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                  Kaveh Navab, Esq.

25.    Defendants CITY is liable for Plaintiffs' injuries under California law and under the doctrine of *respondeat* superior. Liability under California law for public entities and public employees is based upon California Government Code sections 815.2 and 820.

26.    On May 3, 2017, Plaintiffs' filed a comprehensive and timely claim for damages.

27.    On June 19, 2017, the claim was formally denied.

<u>**FACTS COMMON TO ALL CLAIMS FOR RELIEF**</u>

28.    Plaintiffs repeat and re-allege each and every allegation in the forging paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29.    On November 5, 2016, Richard Payne and Janchai Payne were having a family disagreement with their daughter, K.P., regarding her cellphone use. During the verbal disagreement over the minor's cell phone uses there was no physical threats or violence. K.P. then grabbed the phone, went to her bedroom, locked the door and called 911.

30.    At approximately 12:50 p.m., two officers, LOPEZ AND SANACORE, arrived at the home.  One of the officers violently grabbed and pushed K.P out of the doorway and entered the home without asking to enter first, or assessing what had occurred prior to the officers arriving.  The other officer followed.  The officers began screaming at K.P. and repeatedly asking her "where is the gun?"  Janchai told officers that the gun was in the bedroom and securely locked in the gun safe.  Janchai then brought the gun safe to the officers with the gun still safely and securely locked inside the safe. Janchai explained to the officers that Richard was in the garage but he did not have any weapons on him and had done nothing wrong.

///

31.    More officers, including LISENBY and ABOYTE, arrived at the house and drew their weapons. The officers used their weapons to threaten and seize Janchai and K.P.  The officers began to forcibly removed K.P., and Janchai, from their home with their drawn weapons.  The officers then pushed K.P. to the ground and out of the front door.

32.    At this point, numerous other officers, including REINHARDT, TORRES, and RAMIREZ, had arrived on the scene and many had their weapons drawn as they entered the home. The caused great fear and apprehension in Janchai and K.P. The officers continued to ignore Janchai's pleas as to why the officers were acting in such a manner and why they were entering the home forcibly and armed, as no crime had been committed by any of the individuals at the home. The officers continued to brandish their weapons in a threatening manner toward Janchai and K.P.

33.    Four officers, including ABOYTE, SANACORE, LISENBY and RAMIREZ then ran into the garage. Richard was sitting on the floor in the middle of the garage, held his hand in the air with a cell phone in one hand, and told the officers he had no weapons.

34.    Then immediately and without justification, the officers forcefully grabbed Richard and unjustifiably slammed him against the floor and picked him up and pushed him against the wall before they placed handcuffs on him and ultimately hog tied him. Richard did not resist the officers in any manner and complied with their commands. Richard was repeatedly slammed on the ground by the officers and at one point an officer put his knee against Richard's neck, choking him, and another officer stood on his thigh, eventually causing him to lose consciousness. At the time, Richard had committed no crime and was unarmed.

35.    Prior to the officers entering the garage, Richard had himself placed a call to 911 seeking an explanation as to why so many officers had swarmed his residence with guns drawn, as no crime had taken place.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Payne, et al v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                    Kaveh Navab, Esq.

36.     At some point after, an officer grabbed Richard and Janchai Payne's, four years old, from inside the home and brought her outside.  All Payne family members witnessed the unnecessary force and infliction of emotional distress on all other family members.  In the meantime, the safe containing the gun was outside with Janchai Payne.

37.     Due to passing out as a result of the unlawful use of force and his repeated complaints that he could not breathe, Richard was taken to the hospital and detained in the emergency room.  Throughout the entire process of being transported to the hospital, Richard was handcuffed to the gurney.  Despite having no evidence, and no statements by any of the family members, the officers, including CHECA and TODD, falsely stated to the hospital that Richard was suicidal, which resulted in him being falsely placed on a mental health hold at the hospital. At no point was Richard a danger to himself or others. Despite continually attempting to visit Richard, his family was given limited access to him. Richard spent five days in the Northridge Hospital on a mental health hold, due to the false information that was given to the hospital by the involved officers. Richard was severely traumatized due his unnecessary and unjustified hold at the hospital for five days.

38.     DEFENDANT OFFICERS, caused property damage including damaging the VCR that recorded their actions outside the home in an effort to cover up the wrongdoing, damaging the cell phone from which Mr. Payne made the 911 call and confiscating the firearm which was lawfully safely secured in a safe during all times.

39.     The officers used excessive and unreasonable force against the Richard, Janchai and K.P, in violation of the Fourth Amendment, and the Fourteenth Amendment of the Constitution and falsely detained and arrested Richard Payne. The officers involved acted negligently, and were negligently trained by the LAPD. The officers knew, or should have known, that Richard had

1  committed no crime and did not present a threat to their safety or the safety of
2  others.

3     40.    The City of Los Angeles, LAPD and its Chief of Police, negligently
4  hired, trained, supervised and retained the involved officers. The City of Los
5  Angeles, LAPD and its Chief Police maintained an unconstitutional policy and
6  practice which encourages and tolerates excessive force by, among other things,
7  deliberately refusing to appropriately investigate and impose appropriate discipline
8  and corrective action on officers who engage in excessive and unreasonable force.

9     41.    Despite this strong evidence of wrongdoing, and unlawful use of force
10 under the color of law by DEFENDANT OFFICERS, on June 19, 2017, the City of
11 Los Angeles denied the Plaintiff's claim.

12    42.    By issuing the findings contained in the June 19, 2017, letter from
13 Defendant Police Chief Beck, the Los Angeles Police Department, Defendant
14 Police Chief Beck, Defendant CITY and unknown supervisorial officers ratified
15 and condoned the unlawful and unjustified use of force by DEFENDANT
16 OFFICERS against Plaintiff on November 5, 2016.

17    43.    On information and belief, DEFENDANT OFFICERS were not
18 disciplined for the use of force on November 5, 2016, against Plaintiff.

19    44.    Defendant Police Chief Beck has failed to impose adequate discipline
20 on his officers, including DEFENDANT OFFICERS, who committed these
21 unlawful uses of excessive force, creating a culture of impunity within the LAPD
22 that encourages such violence and incidents of unreasonable force against the
23 public.

24    45.    As a result of the unprovoked, unjustified and unreasonable use of
25 force against Richard, Janchai and K.P by DEFENDANT OFFICERS, Richard,
26 Janchai and K.P suffered numerous physical injuries, including but not limited to,
27 injuries to their back, neck, shoulders, continuous headaches, which have required
28 extensive treatment.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Payne, et al v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                  Kaveh Navab, Esq.

46.    As a result of the foregoing, Richard, Janchai and K.P have suffered, and continue to suffer from physical and emotional pain, anguish, and distress and psychological injury as a result of the incident.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

**(Against Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD, CITY, BECK)**

47.    PLAINTIFFS repeats and re-alleges each and every allegation in paragraphs 1-46 of this Complaint with the same force and effect as if fully set forth herein.

48.    Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD as individuals and agents of CITY OF LOS ANGELES, seized and detained Plaintiffs Richard, Janchai and K.P without reasonable suspicion. No crime had been committed when the DEFENDANT OFFICERS forcefully rushed into their home with weapons drawn. The DEFENDANT OFFICERS subsequently arrested and detained Plaintiff Richard without probable cause in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.    The conduct of the DEFENDANT OFFICERS were willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT OFFICERS.

50.    As a result of the conduct of Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD, they are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Payne, et al v. City of Los Angeles, et al.*                                              V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                                     Kaveh Navab, Esq.

these violations.

51.    Plaintiffs were detained without reasonable suspicion and arrested without probable cause. At the time of his detention and arrest by DEFENDANT OFFICERS, Plaintiffs had committed no crime.

52.    Accordingly, Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek reasonable attorneys' fees under this claim

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### (Against Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD, CITY, BECK)

53.    PLAINTIFFS repeats and re-alleges each and every allegation in paragraphs1-42 of this Complaint with the same force and effect as if fully set forth herein.

54.    Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD used unreasonable use of force against Plaintiffs Richard, Janchai and K.P. This includes, when the Defendants with their weapons drawn forcefully rushed the home and aggressively detained Janchai and K.P. with no justification. The defendants then forcibly removed K.P., and Janchai, from their home and pushed K.P. to the ground and out of the front door. Subsequently, the DEFENDANT OFFICERS immediately and without justification, the forcefully grabbed Richard and unjustifiably slammed him against the floor and picked him up and pushed him against the wall before they placed handcuffs on him and ultimately hog tied him. Richard did not resist the officers in any manner and complied with their commands. Richard was repeatedly slammed on the ground by the officers and at one point an officer put his knee against Richard's neck, choking him, and another officer stood on his thigh,

eventually causing him to lose consciousness. At the time, Richard had committed no crime and was unarmed.

55.    The DEFENDANT OFFICERS deprived Plaintiffs of their right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived Plaintiffs of due process as guaranteed to the him under the Fourteenth Amendment to the United States Constitution.

56.    As a result, Plaintiffs' suffered serious physical and emotional injury, including, but not limited to, body, neck, shoulder and facial injuries and body pain.

57.    Plaintiffs were not armed, had committed no crime, and posed no risk to Defendants or others, and did not resist at any point.

58.    At no time during the incident did Plaintiffs' verbally threaten or attempt to punch, kick, or grab Defendants or any other person.

59.    DEFENDANT OFFICERS' actions thus deprived Plaintiffs of their right to be free from unreasonable seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

60.    The conduct of Defendants were willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages against Defendants.

61.    As a result of the aforementioned excessive and unreasonable force, Plaintiffs were caused to suffer severe pain and suffering. Also as a direct and proximate result of Defendants conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs are also claiming all the medical expenses.

62.    Accordingly, Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983.

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Payne, et al v. City of Los Angeles, et al.*                                V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                         Kaveh Navab, Esq.

1  Plaintiffs also seeks reasonable attorneys' fees under this claim.

2  **THIRD CLAIM FOR RELIEF**

3  **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

4  **(Against Defendants LOPEZ, SANACORE, LISENBY, ABOYTE,**

5  **REINHARDT, TORRES, RAMIREZ, CHECA and TODD , CITY, BECK)**

6  63.   PLAINTIFFS repeats and re-alleges each and every allegation in

7  paragraphs 1-62 of this Complaint with the same force and effect as if fully set forth

8  herein.

9  64.   Defendants LOPEZ, SANACORE, LISENBY, ABOYTE,

10 REINHARDT, TORRES, RAMIREZ, CHECA and TODD use of force against

11 Plaintiffs on November 5, 2016, had committed no crime, and were resisting was

12 found to be within CITY Police Department Policy.

13 65.   DEFENDANT OFFICERS use of force against Plaintiffs on

14 November 5, 2016, who was unarmed, had committed no crime, and was not

15 resisting was ratified by CITY Police Department supervisorial officers, including

16 Defendant Police Chief Beck.

17 66.   Despite this strong evidence of wrongdoing, and unlawful use of force

18 under the color of law by DEFENDANT OFFICERS, on June 19, 2017, denied

19 Plaintiffs' claim for damages.

20 67.   On information and belief, DEFENDANT OFFICERS were not

21 disciplined for the use of force on November 5, 2016 against Plaintiff.

22 68.   Defendant Police Chief Beck has failed to impose adequate discipline

23 on his officers, including DEFENDANT OFFICERS who committed these

24 unlawful uses of excessive force, creating a culture of impunity within the LAPD

25 that encourages such violence and incidents of unreasonable force against the

26 public.  Chief Beck's finding that the use of force here was justified, lawful, and

27 proper is demonstrative of the inadequate investigations and the failure to take

28 appropriate corrective action that plagues the LAPD and causes a pattern, policy,

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Payne, et al v. City of Los Angeles, et al.*                           V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                          Kaveh Navab, Esq.

1  and practice of tolerating and encouraging the use of excessive force.

2  69.    On and for some time prior to November 5, 2016, (and continuing to

3  the present date) Defendants CITY of LOS ANGELES, Police Chief Beck and DOE

4  SUPERVISORS, deprived Plaintiffs, of their rights and liberties secured to them by

5  the Fourth and Fourteenth Amendments to the United States Constitution, in that

6  said Defendants and their supervising and managerial employees, agents, and

7  representatives, acting with gross negligence and with reckless and deliberate

8  indifference to the rights and liberties of the public in general, and of Plaintiffs, and

9  of persons in their class, situation and comparable position in particular, knowingly

10  maintained, enforced and applied an official recognized CITY custom, policy, and

11  practice of:

12      (a)    Employing and retaining as police officers and other personnel,

13          including Defendants LOPEZ, SANACORE, LISENBY,

14          ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and

15          TODD, who Defendants CITY and DOE SUPERVISORS at all

16          times material herein knew or reasonably should have known

17          had dangerous propensities for abusing his authority by using

18          excessive force, and for mistreating citizens by failing to follow

19          written CITY Police Department's policies, including the use of

20          excessive force;

21      (b)    Of inadequately supervising, training, controlling, assigning,

22          and disciplining CITY Police Officers, and other CITY

23          personnel, including DEFENDANT OFFICERS who

24          Defendants CITY and DOE SUPERVISORS each knew or in

25          the exercise of reasonable care should have known had the

26          aforementioned propensities and character traits including the

27          propensity for violence and the use of excessive force;

28  ///

- 15 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

(c)   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANT OFFICERS, who is a CITY employee and police officer;

(d)   By failing to adequately train officers, including DEFENDANT OFFICERS, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force;

(e)   By failing to discipline CITY police officers' conduct, including DEFENDANT OFFICERS, for unlawful detention and use of force;

(f)   By ratifying the intentional misconduct of DEFENDANT OFFICERS and other police officers, who are police officers of the CITY, and commit unlawful detentions and use of force;

(g)   By failing to properly investigate claims of unlawful detention and excessive force by CITY police officers, including DEFENDANT OFFICERS, and

(h)   By having and maintaining an unconstitutional custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects. The customs and practices of CITY and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Payne, et al v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                         Kaveh Navab, Esq.

70.    By reason of the aforementioned policies and practices of Defendants CITY, Defendant Police Chief Beck, Plaintiffs were severely injured and subjected to pain and suffering, and extreme and severe emotional distress.

71.    The aforementioned customs and practices of CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

72.    Defendants CITY, Defendant Police Chief Beck, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

73.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, Defendant Police Chief Beck acted with an intentional, reckless, and callous disregard toward PLAINTIFF, and of the constitutional as well as human rights of PLAINTIFF. Defendants CITY, Defendant Police Chief Beck and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

74.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY, Defendant Police Chief Beck were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

75.    Accordingly, Defendants CITY, Defendant Police Chief Beck each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

///

///

76.    On information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to Defendant Police Chief Beck.

77.    Accordingly, Defendants are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seeks reasonable attorneys' fees under this claim.

## FOURTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

**(Against Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD, CITY, BECK)**

78.    Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1-77 of this Complaint with the same force and effect as if fully set forth herein.

79.    Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and/or TODD while working as police officers for the City of Los Angeles, and acting within the course and scope of their duties, intentionally deprived Plaintiffs of his freedom of movement by use of force, including threats of force, menace, fraud, deceit, and unreasonable duress. DEFENDANT OFFICERS also detained Plaintiffs.  Said detention was made without reasonable suspicion.  Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and/or TODD also arrested Plaintiff Richard without probable cause.

80.    Plaintiffs did not knowingly or voluntarily consent.

81.    The conduct of DEFENDANT OFFICERS were a substantial factor in causing the harm of Plaintiffs.

82.    City of Los Angeles is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83.    The conduct of DEFENDANT OFFICERS were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

84.    Plaintiff is seeking all damages under this claim.

## FIFTH CLAIM FOR RELIEF

**Assault and Battery (Cal. Govt. Code § 820 and California Common Law)**
**(Against Defendants CITY OF LOS ANGELES, Defendants ABOYTE,**
**SANACORE, LISENBY and/or RAMIREZ , and Police Chief CHARLIE**
**BECK, in his individual, and official capacity)**

85.    PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1-84 of this Complaint with the same force and effect as if fully set forth herein.

86.    Defendants ABOYTE, SANACORE, LISENBY and/or RAMIREZ, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally and violently touched and battered Plaintiffs sustaining serious injuries.

87.    Defendants ABOYTE, SANACORE, LISENBY and/or RAMIREZ had no legal justification for his actions, and their use of force against Plaintiffs, unjustified attack, assault, use of force, handcuffing and detention, while carrying out their duty as officer and as a CITY employee was an unreasonable use of force.

88.    Defendants ABOYTE, SANACORE, LISENBY and/or RAMIREZ also intentionally used unreasonable force against Plaintiffs, including but not limited to unjustified use of force posed no threat to the officers or anyone else.

89.    As a direct and proximate result of Defendants ABOYTE, SANACORE, LISENBY and/or RAMIREZ conduct as alleged above, Plaintiffs were caused to suffer severe pain and suffering.

90.    CITY is vicariously liable for Defendants ABOYTE, SANACORE, LISENBY and/or RAMIREZ wrongful acts pursuant to California Government Code section 815.2, subdivision (a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91.    Plaintiffs are informed and believe and thereon alleges that the Defendants LOPEZ, SANACORE and LISENBY's conduct were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages in an amount to be determined at time of trial.

92.    As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat* superior.

93.    Plaintiffs are seeking all damages under this claim.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Against Defendants CITY OF LOS ANGELES, Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA, TODD, and Police Chief CHARLIE BECK, in his individual, and official capacity)**

94.    PLAINTIFFS repeats and re-alleges each and every allegation in paragraphs 1-93 of this Complaint with the same force and effect as if fully set forth herein.

95.    The actions of DEFENDANT OFFICERS toward Plaintiffs were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiffs;

- 20 -

(b)    the failure to monitor and record any use of force by CITY, including DEFENDANT OFFICERS;

(c)    the failure to monitor and record any injuries specifically caused by the use of force by CITY, including DEFENDANT OFFICERS;

(d)    the negligent tactics and handling of the situation with Plaintiffs;

(e)    the negligent detention, arrest, and use of force including against Plaintiffs;

(f)    the failure to properly train and supervise employees, both professional and non-professional, including DEFENDANT OFFICERS;

(g)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

(h)    the failure to provide prompt medical care to Plaintiffs; and

(i)    the negligent handling of evidence and witnesses.

96.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiffs was caused to suffer severe pain and suffering, both physically and emotionally.

97.    In addition, at the aforementioned date, time and place, Defendants negligently, carelessly and without reasonable care, touched and violently battered Plaintiffs.

98.    The CITY is vicariously liable for the wrongful acts of DEFENDANT OFFICERS pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Payne, et al v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS          Kaveh Navab, Esq.

99.    The aforementioned acts and omissions of DEFENDANT OFFICERS, were committed by him knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiffs, with conscious disregard to his known rights and deliberate indifference to the risk of injury to Plaintiffs. By reason thereof, Plaintiffs seek punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

100.    Defendants CITY OF LOS ANGELES, Police Chief CHARLIE BECK, and DEFENDANT OFFICERS, inclusive, knew or reasonably should have known that DEFENDANT OFFICERS would engage in such a violent misconduct against Plaintiffs, during the course and scope of his employment, and that, as a direct and proximate result of those violations, Plaintiffs would suffer injuries as alleged herein.

101.    Defendants CITY OF LOS ANGELES, Police Chief CHARLIE BECK, and DEFENDANT OFFICERS, knew or reasonably should have known that DEFENDANT OFFICERS would engage in such a violent misconduct against Plaintiff, during the course and scope of his employment, and that, as a direct and proximate result of those violations, Plaintiff would suffer injuries as alleged herein.

102.    Defendants had the authority to supervise, prohibit, control, and/or regulate DEFENDANT OFFICERS so as to prevent these acts and omissions from occurring.

103.    Defendants failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate DEFENDANT OFFICERS. As a direct and proximate result of defendants' negligent hiring, retention and supervision, control and regulation of DEFENDANT OFFICERS, Plaintiffs have suffered and continues to suffer injuries entitling him to damages in amounts to be proven at trial.

104.    By the aforesaid acts and omissions of defendants, and each of them, Plaintiffs have been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and

1  mental suffering.

2      105.  As a further direct and legal result of the acts and conduct of

3  defendants, and each of them, as aforesaid, Plaintiffs have been caused to and did

4  suffer and continues to suffer severe emotional and mental distress, anguish,

5  humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological

6  harm, physical pain and suffering.  The exact nature and extent of said injuries is

7  presently unknown to Plaintiffs. Plaintiffs does not know at this time the exact

8  duration or permanence of said injuries, but is informed and believes and thereon

9  alleges that some if not all of the injuries are reasonably certain to be permanent in

10  character.

11      106.  Plaintiffs are informed and believe, and thereon allege, that the

12  defendants, and each of them, by engaging in the aforementioned acts and/or in

13  authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,

14  oppressive and despicable conduct, and acted with willful and conscious disregard

15  of the rights, welfare and safety of Plaintiffs, thereby justifying the award of

16  punitive and exemplary damages in an amount to be determined at trial.

17      107.  Plaintiffs are seeking all damages under this claim.

18              **SEVENTH CLAIM FOR RELIEF**

19      **Violation of Bane Act (Cal. Civil. Code § 52.1)**

20  **(Against Defendants CITY OF LOS ANGELES, Defendants LOPEZ,**

21  **SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ,**

22  **CHECA and TODD, and Police Chief CHARLIE BECK, in his individual,**

23              **and official capacity)**

24      108.  PLAINTIFFS repeats and re-alleges each and every allegation in

25  paragraphs 1-107 of this Complaint with the same force and effect as if fully set

26  forth herein.

27  ///

28  ///

- 23 -

109.   As alleged herein, DEFENDANT OFFICERS and CITY interfered by threats, intimidation, or coercion with Plaintiffs' rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code Section 43, Penal Code Sections 149, 240 and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

110.   Defendants' conduct caused Plaintiffs extreme pain and suffering both with regards to physical and mental suffering.

111.   As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior.*

112.   As a direct and legal result of Defendants' acts and omissions, Plaintiffs' suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, costs of suit.

113.   Plaintiffs are informed and believe and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs-, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

114.   Plaintiffs brings this claim seeks all damages under state law. Plaintiffs also seeks reasonable attorneys' fees under this claim.

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Payne, et al v. City of Los Angeles, et al.*                                        V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                                        Kaveh Navab, Esq.

## EIGHT CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## [AGAINST ALL DEFENDANTS]

115.    PLAINTIFFS repeats and re-alleges each and every allegation in paragraphs 1-114 of this Complaint with the same force and effect as if fully set forth herein.

116.    Defendants' conduct as described above was extreme and outrageous and was done with the intent of causing Plaintiffs to suffer emotional distress or with reckless disregard as to whether their conduct would cause him to suffer such distress.

117.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiffs have been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

118.    As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, Plaintiffs have been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.   The exact nature and extent of said injuries is presently unknown to Plaintiffs. Plaintiffs does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

119.    Plaintiffs is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the award of

- 25 -

punitive and exemplary damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## [AGAINST ALL DEFENDANTS]

120.   PLAINTIFFS repeats and re-alleges each and every allegation in paragraphs 1-119 of this Complaint with the same force and effect as if fully set forth herein.

121.   In the alternative, Defendants' conduct, as alleged above, was done in a careless or negligent manner, without consideration for the effect of such conduct upon Plaintiffs' emotional well-being.

122.   By the aforesaid acts and omissions of defendants, and each of them, Plaintiffs' has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

123.   As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, Plaintiffs' has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Plaintiffs.  Plaintiffs do not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

124.   Plaintiffs are informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment their favor and against Defendants LOPEZ, SANACORE, LISENBY, ABOYTE, REINHARDT, TORRES, RAMIREZ, CHECA and TODD, CITY OF LOS ANGELES, Police Chief CHARLIE BECK, in his individual and official capacity, as follows:

A. For general and compensatory damages as set forth throughout the complaint according to proof with prejudgment interest thereon to the extent allowable by law;

B. Damages for severe emotional distress, physical pain and suffering, physical injury, humiliation, grief, nervousness, shame, fright, anxiety, depression, panic attacks, sorrow, worry, low self-esteem, psychological injury, and related emotional and mental anguish in an amount to be determined by the jury at the trial of this matter;

C. Damages for medical expenses and related items of expenses in an amount to be determined by the jury at the trial of this matter

D. The award of punitive and exemplary damages against Defendants in an amount to be proven at trial.

E. For reasonable costs of this suit and attorneys' fees;

F. Interest, including prejudgment interest, as allowed by law;

G. For such further other relief as the Court may deem just, proper, and appropriate.

Date: October 16, 2018

**V. JAMES DESIMONE LAW
NAVAB LAW**

By: /s/ *V. James Desimone*
V. JAMES DESIMONE, ESQ.
KAVEH NAVAB, ESQ

Attorneys for Plaintiffs,
RICHARD PAYNE;
JANCHAI PAYNE;
K.P. a minor

- 27 -

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demands a trial by jury.

3

4

5

6     Date: October 16, 2018             **V. JAMES DESIMONE LAW**
**NAVAB LAW**

7

8                                 By: _/s/ *V. James Desimone*_
9                                    V. JAMES DESIMONE, ESQ.
KAVEH NAVAB, ESQ

10

11                                    Attorneys for Plaintiffs,
RICHARD PAYNE;
12                                    JANCHAI PAYNE;
K.P. a minor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Payne, et al v. City of Los Angeles, et al.*                  V. James DeSimone, Esq.
Case No.: 2:17-cv-09044-CAS-KS                  Kaveh Navab, Esq.